UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BRIAN COLLISTER,**<br>*Plaintiff*<br><br>**v.**<br><br>**AMERICAN ARBITRATION ASSOCIATION, KXAN-TV, ERIC LASSBERG, CHAD CROSS, NEXSTAR MEDIA GROUP, INC., TERRI BUSH, JACKSON LEWIS, P.C., and WILLIAM L. DAVIS,**<br>*Defendants* | § § § § § § § § § § § § **CASE NO. 1:20-CV-01180-LY-SH** |

## ORDER

Before the Court are Plaintiff's Complaint, filed December 1, 2020 (Dkt. 1), and Plaintiff's More Definite Statement, filed February 19, 2021 (Dkt. 7). The District Court has referred all pending and future motions in this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Plaintiff Brian Collister filed a Motion to Proceed *In Forma Pauperis* seeking leave to file his Complaint without having to pay the filing fee. Dkt. 2. After reviewing his Application and financial affidavit in support, the Court found that Collister was indigent and granted him *in forma pauperis* status. Dkt. 5 at 1. The Court also ordered Collister to submit a More Definite Statement. *Id.* at 5.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under 28 U.S.C. § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous

or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, a plaintiff's pro se status does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff seeks to enjoin a pending arbitration on the basis that the arbitration clause in his employment contract with Defendants KXAN-TV and Nexstar was obtained by fraud and should be declared void. Dkt. 1 at 2, 4; Dkt. 7 at 1-2. Plaintiff has alleged facts that, if true, might support declaratory relief under 28 U.S.C §§ 2201(a) and 2202. Accordingly, the Court should not dismiss Plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B) as frivolous at this time.

Based on the foregoing, the Court **ORDERS** the **CLERK** to issue summons in this case and **FURTHER ORDERS** the United States Marshals Service to attempt service without pre-payment of a service fee.

**SIGNED** on March 2, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE