# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BRIAN COLLISTER,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:20-CV-01180-DAE-SH** |
| **AMERICAN ARBITRATION** | § | |
| **ASSOCIATION, KXAN-TV, ERIC** | § | |
| **LASSBERG, CHAD CROSS,** | § | |
| **NEXSTAR MEDIA GROUP, INC.,** | § | |
| **TERRI BUSH, JACKSON LEWIS** | § | |
| **P.C., and WILLIAM L. DAVIS,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

TO:   **THE HONORABLE DAVID A. EZRA**
       **SENIOR UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants KXAN-TV, Eric Lassberg, Chad Cross, Nexstar Media Group, Inc., Terri Bush, Jackson Lewis PC, and William L. Davis's Motion to Dismiss and for Sanctions, filed April 6, 2021 (Dkt. 12); Defendant American Arbitration Association's Motion to Dismiss, filed April 15, 2021 (Dkt. 15); and the associated response and reply briefs.[1]

### I.   Background

Plaintiff Brian Collister, acting pro se, is an investigative journalist formerly employed by KXAN-TV ("KXAN") in Austin, Texas. Dkt. 1 ¶ 5. KXAN is owned by Nexstar Media Group, Inc. ("Nexstar"). *Id.* Collister entered into an employment agreement with Nexstar Broadcasting, Inc. Dkt. 7-1 at 8-9. The agreement has an arbitration clause stating that all employee-related

---

[1] The District Court referred all pending and future motions in this case to the undersigned Magistrate Judge for resolution or Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management for the Austin Division.

disputes are subject to arbitration before the American Arbitration Association ("AAA") under its National Rules for the Resolution of Employment Disputes. *Id.*

In December 2017, Collister filed a demand for arbitration with the AAA. Collister asserted that KXAN, Nexstar, and managers Chad Cross and Eric Lassberg discriminated against him, in violation of the Americans with Disabilities Act ("ADA"). Dkt. 15-3 at 2-3. After conducting an evidentiary hearing, the arbitrator issued a final award dismissing Collister's claims. Dkt. 15-4 at 2-8. Collister then filed suit in state court seeking to vacate the arbitration award. *Collister v. KXAN-TV*, No. D-1-GN-19-001138 (345th Dist. Ct., Travis Cnty., Tex. Dec. 19, 2019). The state court denied Collister's petition, confirmed the award, and entered final judgment. Dkt. 15-6 at 2.

On June 15, 2020, Collister filed a second demand for arbitration against KXAN, Nexstar, Cross, and Lassberg, and added AAA as a respondent. Dkt. 15-7 at 2-4. On December 1, 2020, Collister filed this litigation under the Federal Arbitration Act ("FAA"), asking the Court to enjoin the pending arbitration and declare the arbitration provision in his employment contract void. Dkt. 1 at 4; Dkt. 1-1 at 1. Collister also asserts an ADA claim against Defendant William L. Davis and his law firm, Jackson Lewis P.C., alleging that they "used the unconscionable arbitration provision and process to interfere with his rights under the Americans with Disabilities Act." Dkt. 1 ¶ 19. Collister further asserts state law claims for fraud against KXAN, Nexstar, Cross, Lassberg, and Terri Bush; breach of contract against KXAN and Nexstar; and violations of the Texas Deceptive Trade Practices Act against the AAA. *Id.* ¶¶ 13, 18.[2]

On December 15, 2020, Collister voluntarily withdrew his second arbitration claim and the action was dismissed. Dkt. 15-8 at 2. Defendants now move to dismiss Collister's Complaint for failure to state a claim. KXAN, Nexstar, Lassberg, Cross, Bush, Jackson Lewis, and Davis

---

[2] Collister's Complaint contains two paragraphs numbered 18. Dkt. 1 at 3. Both are cited here.

(collectively, the "Nexstar Defendants") also seek a declaration that Collister is a vexatious litigant and ask the Court to impose sanctions.

## II.   Legal Standards

### A.   Rule 12(b)(1) Lack of Subject Matter Jurisdiction

The party claiming federal subject-matter jurisdiction must show that the court indeed has that jurisdiction. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). A federal court properly dismisses a case or claim for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims. *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010).

### B.   Rule 12(b)(6) Failure to State a Claim

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint, and matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

Pro se complaints are construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a party's pro se status does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.   Analysis

The Court addresses Defendants' motions to dismiss jointly. The Court first examines whether Collister has stated a claim presenting a federal question. Collister alleges that the FAA and ADA provide subject matter jurisdiction over this action. Dkt. 1 at 2, ¶ 10; Dkt. 1-1 at 1.

### A.      Federal Arbitration Act

Collister seeks two forms of relief under the FAA: an injunction against further administration of his second arbitration claim and a declaration that the arbitration clause in his employment contract is unenforceable. Dkt. 1 at 4. The Nexstar Defendants argue that the FAA does not provide a standalone basis for federal court jurisdiction. Dkt. 12 at 4. The AAA asserts that Collister's voluntary dismissal of the second arbitration claim mooted his request for relief. Dkt. 15 at 11.

"It is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983) (stating that "the Arbitration Act is something of an anomaly in the field of federal-court jurisdiction" because "it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331"). Therefore, some other independent basis for federal jurisdiction must exist before a district court may issue an order under the FAA. *Collister v. KXAN-TV*, No. 1:19-CV-000350-DAE-ML, 2019 WL 11506137, at *3 (W.D. Tex. Oct. 25, 2019) (citing *Moses H. Cone*, 460 U.S. at 25 n.32), *R. & R. adopted*, 2019 WL 11506114 (W.D. Tex. Nov. 26, 2019).

Because the FAA does not provide an independent basis for federal question jurisdiction, Collister must state a claim under the ADA for the Court to exercise jurisdiction in this matter.

### B.    Americans with Disabilities Act

The Nexstar Defendants argue that Collister's ADA claim fails because Davis and his law firm, Jackson Lewis, are not covered "employers" under the statute. Dkt. 12 at 13. Collister responds that "Defendants Davis, and Jackson Lewis P.C., meet the legal definition of 'agent' of Defendant's employer as they have authority to act on behalf of the principal as stated in previous court filings by Davis." Dkt. 28 at 4.

The ADA forbids discrimination against disabled individuals in major areas of public life, including employment (Title I), public services (Title II), and public accommodations (Title III). *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). Title I provides that no employer shall discriminate against a qualified individual on the basis of disability in regard to the "hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Tran v. Pflugerville Indep. Sch. Dist.*, No. A-13-

CA-145 DAE, 2014 WL 12160774, at *3 (W.D. Tex. May 23, 2014) (quoting 42 U.S.C. § 12112(a)). An employer also may discriminate against a qualified individual with a disability by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* (quoting 42 U.S.C. § 12112(b)(5)(A)).

Title I applies only to "covered entities," which are defined as "an employer, employment agency, labor organization, or joint labor-management committee." *Meriwether v. ABC Training/Safety Council Tex. Gulf Coast Chapter*, No. 3:15-CV-862-N-BH, 2016 WL 8711726, at *2 (N.D. Tex. Oct. 24, 2016). An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C.A. § 12111(5)(A). The ADA's definition of "employer" mirrors Title VII's definition. *Rodriguez v. Corvel Corp.*, No. CIV.A.SA-99-CA1339HG, 2001 WL 674172, at *4 (W.D. Tex. Feb. 26, 2001).

The Court of Appeals for the Fifth Circuit has consistently held that individuals cannot be found liable as "employers" under Title VII. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (stating that "[i]ndividuals are not liable under Title VII in either their individual or official capacities"); *see also Bellue v. Gautreaux*, 782 F. App'x 350, 351 (5th Cir. 2019) (same) (quoting *Ackel*, 339 F.3d at 381 n.1); *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 247 (5th Cir. 2017) (same). Although the Fifth Circuit has not directly addressed whether an individual may be held liable as an "employer" under Title I of the ADA, other circuit courts and district courts within this circuit have found that individuals are not subject to liability. *See Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 51-52 (1st Cir. 2011) (affirming dismissal of ADA claims due to "virtually universal view" that Title I of the ADA does not impose individual liability); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (holding that ADA does not permit actions against individual defendants for conduct protected by

statute); *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013); *Whitely v. Growth Ventures, Inc.*, No. 08-CA-492-LY, 2008 WL 11333990, at *5 (W.D. Tex. Dec. 18, 2008) ("Individuals are not liable under the ADA."), *R. & R. adopted*, 2009 WL 10669369 (W.D. Tex. Feb. 9, 2009); *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 473 (N.D. Tex. 2003) (holding that "Plaintiff is precluded from bringing an action under the ADA, just as he is under Title VII, against a person acting for an employer").

Collister's ADA claim is supported by the single factual allegation that Davis "instructed KXAN/Nexstar not to disclose to plaintiff the fact they stated to Davis they believed [Collister] was 'faking' his disability covered under the ADA." Dkt. 1 ¶ 19. Collister does not allege that Davis was Collister's "employer" under the ADA. Nor does Collister allege that Davis's law firm, Jackson Lewis, had an employer-employee relationship with Collister, or any other facts that would subject it to liability under the ADA. *See Meriwether*, 2016 WL 8711726, at *2 (dismissing ADA claim because plaintiff did not have employer-employee relationship with defendant).

Accordingly, Collister has failed to state a claim under the ADA against either Davis or Jackson Lewis. The undersigned Magistrate Judge therefore recommends that the District Court dismiss Collister's ADA claim (Count III) for failure to state a claim. Because Collister has failed to state a claim presenting a federal question, the Court further recommends that the District Court dismiss as moot the AAA's Motion to Dismiss.

## C.     State Law Claims (Counts I, II, and IV)

Once a court disposes of the claim supplying federal subject matter jurisdiction under Rule 12(b)(6), it is within the court's discretion whether to exercise supplemental jurisdiction over any state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *St. Germain v. Howard*, 556 F.3d 261, 263-64 (5th Cir. 2009) (per curiam). The Fifth Circuit generally favors

dismissal when all federal claims have been dismissed and only pendant state law claims remain. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). The undersigned Magistrate Judge recommends that the District Court decline to exercise supplemental jurisdiction over Collister's state law claims for fraud (Count I), breach of contract (Count II), and violations of the Texas Deceptive Trade Practices Act (Count IV), and dismiss them for lack of subject matter jurisdiction under Rule 12(b)(1).

### D.    Request for Sanctions

Finally, the Nexstar Defendants ask the Court to declare Collister a vexatious litigant and prohibit him from filing future complaints relating to his employment by KXAN without prior court approval. Dkt. 12 at 14-16. Collister contends that this case involves claims "new and uniquely different" from his previous actions and that he is not attempting to relitigate decided issues. Dkt. 28 at 2.

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). "The court's power to enter such orders flows not only from the various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Farguson*, 808 F.2d at 360. In determining whether to impose such an injunction, the Court must

> weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 189. Federal courts can consider a litigant's conduct in state court to determine whether the conduct in federal court was undertaken in bad faith or for an improper motive. *Id.* at 191.

It is undisputed that Collister has filed three arbitration claims and three state court actions involving the Nexstar Defendants. Dkt. 12 at 3-4; Dkt. 12-1 at 4-62. He also filed bar grievances against Davis and Bush. Dkt. 12-1 at 63-84.

Having considered the *Baum* factors, the Court finds that the imposition of a pre-filing injunction against Collister is not warranted at this time. Although Collister has asserted meritless claims in other proceedings, this is his first federal action against the Nexstar Defendants. Collister represents to the Court that he brought this case after he "learned the Federal Court is the only place his claims can [be] fairly adjudicated, no matter what the outcome." Dkt. 28 at 3.

The Court **WARNS** Collister that filing frivolous complaints or motions against KXAN-TV, Eric Lassberg, Chad Cross, Nexstar Media Group, Inc., Terri Bush, Jackson Lewis P.C., William L. Davis, or the AAA may result in sanctions. The Court **FURTHER WARNS** Collister that additional frivolous filings may result in a determination that he is a "vexatious litigant."

## IV.   Recommendation

The Magistrate Court **RECOMMENDS** that the District Court **GRANT IN PART** Defendants KXAN-TV, Eric Lassberg, Chad Cross, Nexstar Media Group, Inc., Terri Bush, Jackson Lewis PC, and William L. Davis's Motion to Dismiss and for Sanctions (Dkt. 12) and **DISMISS** Collister's ADA (Count III) claim for failure to state a claim under Rule 12(b)(6).

The Court **FURTHER RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over Collister's state law claims (Counts I, II, and IV) and **DISMISS** them for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

The Court **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Defendant American Arbitration Association's Motion to Dismiss (Dkt. 15) and **DENY** the Nexstar Defendants' Request for Sanctions (Dkt. 12).

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 25, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE